DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADDIEL LOPEZ,**
Appellant,

v.

**GADI HUS, EREZ HUS,** and **SLING BROADBAND, LLC,**
a Florida limited liability company,
Appellees.

No. 4D19-612

[February 12, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE16-020715 (18).

Keith D. Silverstein of Keith D. Silverstein, P.A., Miami, for appellant.

Arie Mrejen of Arie Mrejen, P.A., Aventura, for appellees.

KUNTZ, J.

Appellant Addiel Lopez appeals the circuit court's final summary judgment for the appellees. We affirm the court's judgment.

*Background*

Sling Broadband, LLC was formed in 2006 as a Florida limited liability company. When formed, two managers were named in the articles of organization: Lopez and Gadi Hus. Eight years later, Lopez and Gadi Hus entered into an investment agreement with Erez Hus. Erez Hus invested $50,000 in exchange for a 5% ownership interest in the LLC. Soon after, Gadi Hus and Erez Hus—who together maintained a 52.5% interest in the LLC—removed Lopez as a manager.

Lopez filed a lawsuit challenging the Huses' authority to remove him. The circuit court considered competing summary judgment motions and entered judgment for the appellees.

*Analysis*

First, we must determine whether this LLC should be treated as member-managed or manager-managed. The designation as member-managed or manager-managed affects which provisions of the LLC Act apply.

"In a member-managed limited liability company, the management and conduct of the company are vested in the members, except as expressly provided in [the LLC Act]." § 605.0407(2), Fla. Stat. (2016). But, "[i]n a manager-managed limited liability company, a matter relating to the activities and affairs of the company is decided exclusively by the manager, or if there is more than one manager, by the managers, except as expressly provided in [the LLC Act]." § 605.0407(3), Fla. Stat.

On the one hand, Lopez argues that the LLC was established as manager-managed "by designating Lopez and Gadi [Hus] as 'MGR' in the Articles of Organization." On the other hand, the appellees argue they prevail regardless of whether the LLC is member-managed or manager-managed. For purposes of this appeal, we accept Lopez's argument that the LLC is manager-managed.

Next, we address Lopez's argument on the merits. Lopez argues that the Huses could only remove him as a manager by amending the LLC's articles of organization. As such, his removal as manager of the LLC required the affirmative vote or consent of all the LLC's members, including him. Lopez, of course, did not consent to his own removal.

Lopez acknowledges that removal of a manager of a manager-managed LLC generally requires the consent of the "member or members holding more than 50 percent of the then-current percentage" interest in the LLC's profits. § 605.04072(4), Fla. Stat. (2016).

But he contends that "a statute of more specific application controls" and relies on section 605.04073, Florida Statutes (2016). In a manager-managed LLC, section 605.04073(2)(e) requires the consent of all members to amend the articles of organization. § 605.04073(2)(e), Fla. Stat. Because, here, the articles of organization named Lopez and Gadi Hus as managers, Lopez contends his removal as a manager could only be achieved by amending the articles of organization, which was improper without his consent.

We disagree with Lopez's argument and his assertion that section 605.04073(2) is the statute of more specific application.

The plain language of section 605.04072(4) permits the removal of a manager of a manager-managed LLC with the consent of members owning a majority interest in the LLC's profits. That language is clear and simple. *See Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 313 (Fla. 2017) ("[O]ur first (and often only) step in statutory construction is to ask what the Legislature actually said in the statute . . . ." (Lawson, J., concurring in part and dissenting in part) (citation omitted)).

Despite the plain language of section 605.04072, Lopez is correct that section 605.04073(2)(e) requires the consent of all members to change an LLC's operating agreement or articles of organization. But Lopez is not correct that section 605.04073 is the more specific statute.

Section 605.04073(2)(e) applies, generally, to amendments to an operating agreement and articles of organization. Section 605.04072, on the other hand, specifically addresses the percentage needed to remove a manager in a manager-managed LLC. That specific provision controls our disposition. *See McKendry v. State*, 641 So. 2d 45, 46 (Fla. 1994) ("[A] specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms." (citations omitted)).

"The limited liability statute . . . provides default rules which the parties may alter via agreement." *AR2, LLC v. Rudnick*, No. 14-80809-CIV, 2014 WL 4060029, at *2 (S.D. Fla. Aug. 14, 2014) (citations omitted). Here, the parties did not amend the default rule through an operating agreement, and there is no question about the legislature's intent in enacting section 605.04072. That statute allows the removal of a manager in a manager-managed LLC with the consent of members owning a majority interest in the LLC's profits. Because members owning a majority interest in the LLC's profits consented to Lopez's removal, the circuit court correctly entered summary judgment for the appellees.

*Conclusion*

The circuit court's final summary judgment is affirmed.

*Affirmed.*

3

CIKLIN and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***